FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2010 JAN -8  PM 2: 37

CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **MERLE HADEN, *et al.*** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 4:09-CV-727-A** |
| **v.** | § | |
| | § | |
| **KROGER TEXAS, L.P., *et al.*** | § | |
| | § | |
| **Defendants** | § | |

---

## MOTION TO REMAND, AND BRIEF IN SUPPORT

---

Plaintiffs, Merle and John Haden, (collectively "Plaintiffs") hereby file their motion to remand ("Motion") the above-captioned action to the 48th Judicial District Court, Tarrant County Texas. This Motion is based on the Notice of Removal filed by defendants Kroger Texas, L.P., The Kroger Co., and Kroger Signature Store No. 521 (collectively the "Kroger Defendants"), the First Amended Notice of Removal, and the following arguments and authorities.

### I.  Introduction

On December 9, 2009, the Kroger Defendants removed this action to federal court based on diversity jurisdiction. The notice of removal, however, contained several flaws, including the failure to alleged the citizenship of a defendant and the failure of defendants Stanley Access Technologies and The Stanley Works, Inc. (collectively, the "Stanley Defendants") to join in the petition. Upon instruction from the Court, the Kroger Defendants filed a First Amended Notice of Removal, which corrected the former defect and purported to correct the latter. Nevertheless, this action should be remanded because: (1) the Kroger Defendants have failed to establish an

1

amount in controversy sufficient to establish diversity jurisdiction; (2) if the amount in controversy is satisfied, then the Notice of Removal was untimely; and (3) the Stanley Defendants failed to timely join in removal.

## II.   Applicable Legal Principles

District courts have original jurisdiction in cases where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  Historically, the amount in controversy had to be satisfied as to each defendant, but 28 U.S.C. § 1367 modified this rule so that, in most cases, the amount in controversy need only be satisfied as to one plaintiff:[1]

> [W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.

*Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)

A defendant may remove any civil action "of which the district courts of the United States have original jurisdiction," such as cases falling under § 1332(a).  28 U.S.C. § 1441(a).  But a notice of removal must be timely filed.  Under 28 U.S.C. § 1446(b),  "[t]he [notice of removal] of a civil action . . . shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based, or within thirty days after . . . the case . . . has become removable."[2]  *Gillis v. Louisiana*, 253 F.3d 755, 759 (5th Cir. 2002); 28 U.S.C. § 1446(b).  In order to comply with these

---

[1] There are exceptions to this rule.  *See, e.g.*, 28 U.S.C. §1367(b)-(c); *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 559-60 (2005).  However, since the Kroger Defendants have not established the amount in controversy as to even one defendant, as discussed in section III(A) of this Motion, Plaintiff assumes for the sake of argument that none of these exceptions apply.

[2] In exceptional circumstances, this thirty-day period may be extended for equitable reasons.  *See Gillis v. Louisiana*, 253 F.3d 755, 759 (5th Cir. 2002).  But no such circumstances are implicated in this case.

requirements, all served defendants must join in the removal petition filed prior to the expiration

of the removal period. *Gillis*, 253 F.3d at 759 (citing *Getty Oil v. Ins. Co. of N. Am.,* 841 F.2d

1254, 1263 n. 12 (5th Cir. 1988)).

In any case, a removed action must be remanded if the court determines that it lacks

subject matter jurisdiction or if the removal was procedurally defective. A motion to remand

based on procedural defects must be brought within thirty days of receiving notice of the

removal, and a motion to remand for lack of subject matter jurisdiction may be brought at any

time prior to judgment. 28 U.S.C. § 1447(c). Because "the effect of removal is to deprive the

state court of an action properly before it, removal raises significant federalism concerns."

*Gasch v. Harford Acc. & Indem.Co.*, 491 F.3d 278, 281 & n.10 (5th Cir. 2007) (quoting

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F3d 362, 365-66 (5th Cir. 1995)). Therefore, the

removal statute is "to be strictly construed, and any doubt about the propriety of removal must be

resolved in favor of remand." *Id.* at 281-82 & n.11; *accord Acuna v. Brown & Root Inc.*, 200

F.3d 335, 339 (5th Cir. 2000); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d

720, 723 (5th Cir. 2002) (noting "[a]ny ambiguities are construed against removal because the

removal status should be strictly construed in favor of remand"). For similar reasons, an order

denying remand is reviewed de novo, while an order *granting* remand may not be reviewed at

all. 28 U.S.C. § 1447(d).

### III.    Analysis

### A.    *The Kroger Defendants have failed to satisfy the amount-in-controversy requirement of diversity jurisdiction.*

In this case, the Kroger Defendants removed this action based on diversity jurisdiction,

arguing that the amount in controversy may be satisfied by a plaintiff's refusal to stipulate that

3

the amount in controversy is less than the jurisdictional amount. *See* Notice of Removal at ¶ 6 & n.2. As a preliminary matter, it does not appear that the Fifth Circuit has adopted this argument, but the argument is based on the principle that a plaintiff may prevent removal by signing such a stipulation at any time before the case is removed. Therefore, Plaintiff assumes for the sake argument that the Kroger Defendant's argument would have validity in some cases, such as single-plaintiff cases. But it has no logical application where the proposed stipulation is directed collectively to all plaintiffs, since defendants must show that the amount in controversy is satisfied as to at least one named plaintiff. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005).[3]

In this case, the Kroger Defendants based the amount in controversy solely on Plaintiffs' failure to sign the stipulation attached to the Notice of Removal as Exhibit A. *See also* Am. Notice of Removal, Ex. A. And this proposed stipulation was directed collectively to both Plaintiffs:

> Because we are attempting to ascertain the real amount in controversy, we request *Plaintiffs* stipulate that *they* are not seeking, and will not amend to seek in the future, damages in excess of $75,000 exclusive of interest and costs. Furthermore, in the event a jury awards more than $75,000.00 in damages, we request that *Plaintiffs* agree to a remitter that establishes the *total* damages awarded to *Plaintiffs* at $75,000.000 exclusive of interest and costs. Please sign below if *Plaintiffs* will so stipulate. If we do not hear back from you by December 2, 2009, we will assume that *Plaintiffs* refuse to stipulate.

Notice of Removal, Ex. A (emphasis added, with original emphasis omitted to avoid confusion); *see also* Am. Notice of Removal, Ex. A.

In other words, the proposed stipulation only addressed the aggregate amount in controversy; it says nothing about the amount in controversy as to either individual plaintiff.

---

[3] Damages may be aggregated in certain cases, most notably under the Class Action Fairness Act. But this is not such a case.

Therefore, the Kroger Defendants failed to establish (or even produce evidence showing) that the amount-in-controversy element of diversity jurisdiction is satisfied as to any one Plaintiff, and this action should be remanded. *See Exxon Mobil Corp.*, 545 U.S at 553.

### B. If it were facially apparent that the amount-in-controversy requirement was satisfied, then the Notice of Removal was untimely.

Of course, the Kroger Defendants could have attempted removal on the ground that it was "facially apparent" from the description of Merle Hagen's injuries (including a broken hip requiring surgery and rehabilitation) that the amount-in-controversy exceeds $75,000 as to her. *See, e.g., White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003). But they did not do so, relying solely on Plaintiff's failure to stipulate.

In any case, if it were "facially apparent" that the amount-in-controversy requirement was satisfied, then the Notice of Removal would have been untimely, and the action still would have to be remanded. If an action is removable when filed, then the defendant(s) must file a notice of removal within thirty days of being served with the state-court petition. *See* 28 U.S.C § 1446(b). More specifically, in multi-defendant cases, a defendant must remove the action within thirty days of service on the first-served defendant.[4] *See, e.g., Gillis v. Louisiana*, 253 F.3d 755, 759 (5th Cir. 2002).

Here, the record affirmatively shows that at least one defendant was served with the petition by November 5, 2009. *See* Am. Notice of Removal, Ex. D(3). Therefore, any notice of removal must have been filed no later than December 7, 2009.[5] However, the Notice of Removal was not filed until December 9, 2009, two days later. Removal statutes must be strictly

---

[4] There are both statutory and equitable exceptions to this rule, but none are applicable to this case.

[5] December 5, 2009, was a Saturday.

construed, and (if the amount in controversy requirement were satisfied) this action must be remanded as untimely.

### C.      *The Stanley Defendants failed to timely join in removal.*

In addition, removal was defective due to the failure of the Stanley Defendants to timely join in removal.  *Gillis v. Louisiana*, 253 F.3d 755, 759 (5th Cir. 2002)  If, as discussed in section III(B), above, the removal period began on November 5, 2009, then there was not even a *purported* joinder in removal by the Stanley Defendants during the thirty-day removal window ending December 7, 2009.  To the contrary, the first purported consent to removal came in the First Amended Notice of Removal filed December 18, 2009, when the Kroger Defendants alleged that "[a]ll Defendants consent to this removal."  Am. Notice of Removal at ¶ 1.

Moreover, even if the removal window began (as the Kroger Defendants assert) on December 2, 2009, when Plaintiffs failed to stipulate to the amount in controversy, then there still has been no effective joinder in removal by the Stanley Defendants.  In this case, The Stanley Defendants neither joined directly in the original or amended notices, nor filed a consent to removal.  To the contrary, the only purported joinder in removal by the Stanley Defendants would have to be found in the following statement:  "All Defendants consent to this removal."  Am. Notice of Removal at ¶ 1.  However, this statement, *by counsel for the Kroger Defendants*, does not qualify as consent to removal *by the Stanley Defendants*:[6]

> But while it may be true that consent to removal is all that is required under section 1446, *a defendant must do so itself.*  This does not mean that each defendant must sign the original petition for removal, but *there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so,* that it has actually consented to such action. *Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.*  F.

---

[6] Although later decisions could be read as applying a more lenient standard for consent to removal, such cases are distinguishable.  Moreover, to the extent there is a conflict, the earlier decisions are controlling.

*See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (emphasis added); *see also Gillis v. Louisiana*, 253 F.3d 755, 759 (5th Cir. 2002) (accord).

The Stanley Defendants did not themselves consent to removal, and counsel for Kroger did not purport to formally act on behalf of the Stanley Defendant or purport to have authority to do so.[7] *Compare* Am. Notice of Removal at ¶ 6 *with Getty Oil Corp.*, 841 F.2d 1262 & n.11. As such, nothing was filed within the thirty-day removal period that would "bind" the allegedly-consenting Stanley Defendants. And it is too late for the Stanley Defendants to consent, since (even assuming the removal period did not start until December 2) the thirty-day removal period has expired. Therefore, the Stanley Defendants have waived their right to remove this action, or to consent to removal, and this action must be remanded.

## IV.    Conclusion

For the reasons discussed above, Plaintiffs request that the Court remand this action to the 48th Judicial District Court, Tarrant County, Texas.

---

[7] Plaintiffs do not expect the defendants to argue that counsel for the Kroger Defendant had authority to act on behalf of the Stanley Defendants, since that might raise conflict-in-interest questions in this case. However, defendants place the matter in issue, Plaintiffs may seek discovery to confirm the existence and extent of any authority purportedly granted.

Respectfully submitted,

Jamshyd (Jim) M. Zadeh (TX Bar No. 22239000)
LAW OFFICE OF JIM ZADEH
115 W. 2nd Street, Suite 201
Fort Worth, TX 76102
(817) 335-5100
(817) 335-3974 Facsimile
jim@zadehfirm.com

William D. Taylor (TX Bar. No. 24046954)
Taylor & Taylor Law, P.C.
5601 Bridge St, Suite 300
Fort Worth, TX 76112
817.483.8388
817.283.8390 Facsimile
wtaylor@taylorandtaylorlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The foregoing document was served on the all counsel of record via the Court's ECF system on January 8, 2010.

## CERTIFICATE OF CONFERENCE

On the afternoon of January 8, 2010, I conferred with counsel for defendants during the status conference set by the Court. Defendants' counsel represented that they could not agree to the motion without reviewing it in more detail and conducting additional research. Because of the impending deadline as to some of the grounds in the motion, the parties agreed that: (1) Plaintiff would file the instant motion and (2) if Defendants determine the motion is meritorious, they would so inform the Court.